UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent,<br><br>v.<br><br>ARTURO LUNA,<br>    Petitioner. | §<br>§<br>§<br>§  Misc. No. B-04-008<br>§  Crim. No. B-00-496-3<br>§<br>§<br>§<br>§ |

**GOVERNMENT'S ANSWER TO SECTION 2255 MOTION, MOTION TO EXPAND RECORD, MOTION FOR SUMMARY JUDGMENT, AND BRIEF**

The United States of America ("United States" or "Government"), by and through the United States Attorney for the Southern District of Texas, hereby files this Answer to Section 2255 Motion, Motion to Expand Record, Motion for Summary Judgment, and Brief. Arturo Luna ("Petitioner") alleges that his trial defense counsel was ineffective.[1] Petitioner's claims are meritless and unworthy of relief under 28 U.S.C. § 2255. This Court should grant summary judgment in favor of the United States on those claims.

### JURISDICTION

This Court possesses jurisdiction over both the parties and the subject matter of this action, pursuant to 28 U.S.C. § 2255.

---

[1] "Pet." refers to the petition filed by Petitioner. "Sent. Tr." refers to the sentencing transcript, dated July 18, 2001. In each instance, the number following is the page number. "PSR" refers to the presentence investigative report. "Doc. No." refers to the document number in this Court's case file in case number B-00-496.

## DENIAL

The United States denies each and every allegation of fact made by Petitioner, except those supported by the record and specifically admitted herein, and demands strict proof thereof.

## MOTION TO EXPAND RECORD

The United States hereby moves to expand the record in this case to include the declaration of Donald S. Davidson, Petitioner's trial defense counsel. The declaration, which is attached hereto as Appendix B, is relevant to the issues raised by Petitioner and will aid this Court in its resolution of this action.

## STATEMENT OF THE CASE

A grand jury indicted Petitioner on November 21, 2000, charging him with conspiring to knowingly and intelligently possess more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1),[2] aiding and abetting the knowing possession of approximately 163 kilograms of marijuana with intent to distribute, on or about December 6, 1996, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count 4),[3] aiding and abetting the possession of approximately 189 kilograms of marijuana with intent to distribute, on or about January 12, 1999, in violation of 21

---

[2] Charged along with Petitioner in this count were Jose German Castillo, Jr., David Le, and Abraham Juan Urquizo.

[3] Charged along with Petitioner in this count were Jose German Castillo, Jr. and Abraham Juan Urquizo.

U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count 7);[4] and conspiring to commit money laundering in violation 18 U.S.C. § 1956 (Count 8).[5] (Doc. No. 1.) Petitioner pleaded not guilty before a United States magistrate judge on March 21, 2001. (Doc. No. 32.)

On April 18, 2001, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count 1 of the indictment (conspiring to possess more than 100 kilograms of marijuana with intent to distribute). (Doc. No. 67.) On July 18, 2001, this court sentenced Petitioner to 121 months' confinement, to be followed by a four-year period of supervised release. No fine was imposed, but Petitioner was required to pay a $100 special assessment. (Sent. Tr. 8-9.)[6]

Petitioner appealed his conviction to the United States Court of Appeals for the Fifth Circuit. (Doc. Nos. 101, 103.) That court affirmed Petitioner's conviction and sentence in an unpublished decision dated December 12, 2002. *United States v. Luna*, No. 01-40894 (5th Cir. Dec. 12, 2002) (unpublished) (Appendix A).

---

[4] Petitioner was charged alone in this count of the indictment.

[5] Charged along with Petitioner in this count was Jose German Castillo, Jr.

[6] Upon prosecution motion this Court dismissed the remaining counts against Petitioner. (Sent. Tr. 9.)

3

On March 18, 2004, Petitioner filed the instant action under 28 U.S.C. § 2255.[7] The United States is unaware of any other post-conviction proceedings involving Petitioner. No evidentiary hearing has been held in this action.

## STATEMENT OF FACTS

### A. Petitioner's offense.

A United States probation officer was investigating an allegation of jury tampering against one Rene de la Rosa. As part of that investigation, the probation officer learned that de la Rosa, Petitioner, and others were involved in a drug conspiracy that shipped several hundred kilograms of marijuana from Texas' Rio Grande Valley to points as far north as Kansas City. (PSR ¶ 15.)

The presentence report details Petitioner's involvement in the drug ring. (PSR ¶¶ 15-42.) The report summed up Petitioner's overall role in comparison to the other defendants:

> More than fifteen (15) participants were involved in this organization. However, only four (4) defendants were charged in the instant offense. According to an independent investigation, Jose German Castillo appears to be the most culpable. He appears to be the leader of this organization. He had decision making authority as he gave out orders and instruction. He recruited accomplices (drivers) through one of his workers, Abraham Juan Urquizo. He had the larger share of the fruits

---

[7] The United States believes Petitioner's action is timely. An action under section 2255 must be filed within one year after the defendant's conviction becomes final. In this case, Petitioner's conviction became final on March 12, 2004; this represents one year from the time his deadline passed to seek certiorari in the Supreme Court from the Fifth Circuit's affirmance of his conviction and sentence on direct appeal. See Rule 13.3, Rules of the Supreme Court of the United States (petition for certiorari due 90 days after entry of judgment by court of appeals); *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). Additionally, an individual who is incarcerated is presumed to have filed his section 2255 action when he delivers his motion for relief to appropriate prison authorities for mailing. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). This Court's case file indicates that Petitioner's action is postmarked March 10, 2004. This, in the Government's view, signifies a timely filing of this action.

>of the crime. He was in charge of payment distribution to those who transported and/or packaged marihuana for him. **[Petitioner]** is next in line in degree of culpability. According to the case agents, he was the manager and/or supervisor and at one time was Jose German Castillo's right hand man. He drove and followed several loads of marihuana to Kansas City, Missouri. He was responsible for obtaining the flat bed trucks [in which the marijuana was transported] and arranging the installation of the secret compartments in the trucks. Abraham Juan Urquizo appears to have a minor role. He was one of the workers for Jose German Castillo. He was responsible for recruiting college students to transport small loads of marihuana to Kansas City, Missouri. David Le appears to have a minimal role in the instant offense. He was an associate of Jose German Castillo, who was responsible for storing, receiving and/or selling small loads of marihuana in the Corpus Christi area.

(PSR ¶ 43) (emphasis in original). The probation officer recommended that this Court hold Petitioner responsible for 2021.24 kilograms of marijuana. (PSR ¶ 44.)

In addition, there was evidence that Petitioner had recruited at least one other participant for the criminal scheme. He hired David Villarreal to drive a marijuana-laden pick-up truck from Rio Grande City to Hebbronville, Texas for $1,000. (PSR ¶ 33.) Villarreal had driven other marijuana loads for Petitioner. (PSR ¶ 34.)

### B. *The plea agreement.*

On April 18, 2001, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to Count 1 of the indictment, which alleged conspiracy to possess more than 100 kilograms of marijuana with intent to distribute. (Doc. No. 67.) In the plea agreement, Petitioner agreed, among other things, to

>waive[] the right to appeal the sentence (or the manner in which it was determined) if such sentence is within the guidelines range as determined by the Court.

(Doc. No. 67, ¶ 9.) Petitioner did retain the right to appeal in certain circumstances:

> This agreement does not, however, affect the rights of the defendant to appeal an illegal sentence as set forth in Title 18, United States Code, Section 3742(a). Nor does this agreement affect the rights of the defendant to appeal based upon allegations of ineffective assistance of counsel or prosecutorial misconduct.

*Id.*

In signing the plea agreement, Petitioner agreed that he was "satisfied that his[] attorney has rendered effective assistance." (Doc. No. 67, ¶ 13.) In an additional statement following the signature page of the plea agreement, Petitioner specifically acknowledged that he had previously consulted with his counsel, that he understood all his rights with respect to the indictment and the sentencing guidelines, that he had read the plea agreement and understood it, and that he voluntarily agreed to the contents of the plea agreement. (Doc. No. 67, statement immediately following signature page.)

### C. *Sentencing.*

The presentence report was completed on May 21, 2001. (PSR, p. 1.) Among the recommendations in the presentence report was a three-level enhancement for Petitioner's role as a manager or supervisor in the offense. PSR ¶ 52; *see* U.S. Sentencing Guidelines Manual § 3B1.1(b) (2000). Petitioner was required to file any objections to the report by June 14, 2001. *See* Doc. No. 83. Petitioner's counsel sought and obtained permission to file late objections. (Doc. Nos. 83, 85.) No objections were subsequently filed, however.

At the sentencing hearing, this Court asked trial defense counsel:

Mr. Davidson, have you reviewed the presentence report with your client.

MR. DAVIDSON: Yes, I have.

THE COURT: And you have indicated that there are no objections?

MR. DAVIDSON: That's correct, Your Honor.

(Sent. Tr. 2.) This court then immediately afforded Petitioner the opportunity to speak. Petitioner did not contradict trial defense counsel's assertion that he had reviewed the presentence report with Petitioner, and did not raise any complaint with the facts in the presentence report. *Id.*

This court adopted the presentence report's findings and sentenced Petitioner to 121 months' confinement, among other punishments. (Sent. Tr. 8-9.) Further facts necessary to the disposition of this case are set forth in argument below.

## ISSUES PRESENTED

1. Whether trial defense counsel was constitutionally ineffective for allegedly failing to review the presentence report with Petitioner prior to sentencing?

2. Whether trial defense counsel was constitutionally ineffective for failing to object to the three-level sentence enhancement Petitioner received for his role in the offense?

3. Whether trial defense counsel was constitutionally ineffective for failing to challenge the drug quantity for which Petitioner was held accountable?

## SUMMARY OF ARGUMENT

Petitioner is entitled to no relief. Both the sentencing transcript and counsel's declaration demonstrate that trial defense counsel reviewed the presentence report with Petitioner prior to sentencing. Additionally, Petitioner cannot show that counsel

was deficient (or that he was prejudiced) when counsel failed to challenge the aggravating role enhancement. Nor can Petitioner show deficiency or prejudice based on this Court's drug quantity calculations.

## ARGUMENT

### TRIAL DEFENSE COUNSEL WAS EFFECTIVE.

Petitioner first alleges the ineffectiveness of his trial defense counsel, Donald Davidson. To prevail on a claim of ineffective assistance of counsel, Petitioner bears the burden to establish both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must first show that counsel committed errors so serious that he was not functioning as "counsel" at all, within the meaning of the Sixth Amendment. *Strickland*, 486 U.S. at 687. Counsel's performance must be shown to have fallen below an objective standard of reasonableness, as measured by prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, Petitioner must demonstrate that he was prejudiced by that deficiency. *Strickland*, 466 U.S. at 691-92. Failure to satisfy either prong of this test is fatal to a claim of ineffective assistance. *Strickland*, 466 U.S. at 700.

Counsel is presumed to have acted competently. Indeed, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 689. Once Petitioner identifies the acts or omissions of counsel that allegedly fall outside the bounds of reasonable professional judgment, this Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the range

of professionally competent assistance. *Id.* at 690; *see also Livingston v. Johnson*, 107 F.3d 297, 305 (5th Cir. 1997).

### A. Failure to review PSR with Petitioner.

Petitioner first claims that his counsel failed to review the presentence report with him prior to sentencing. (Pet. 5.) Petitioner's claim lacks merit.

As the transcript of the sentencing hearing makes clear, trial defense counsel did indeed review the presentence report with Petitioner. During the sentencing hearing this Court asked trial defense counsel whether he had reviewed the presentence report with Petitioner. Counsel, an officer of the court, replied that he had. Given an opportunity to allocute immediately thereafter, Petitioner did not contradict his counsel's statement that he had reviewed the report with Petitioner prior to sentencing. (Sent. Tr. 2.) Trial defense counsel's declaration further bears out this view. Counsel reiterates that he reviewed the presentence report with Petitioner before sentencing. Declaration of Donald S. Davidson, June 16, 2004, at ¶ 3 (Appendix B).

Based on the record, this Court should conclude that trial defense counsel did not perform deficiently. In addition, as discussed below, Petitioner cannot show any prejudice; he cannot demonstrate that any failure to review the report with Petitioner resulted in counsel's failure to raise any meritorious issue. This Court should deny relief.

### B. *Role adjustment.*

Petitioner next claims that his counsel was ineffective for failing to challenge the sentence enhancement he received for his role in the offense. (Pet. 5.) Petitioner is entitled to no relief.

The guidelines prescribe a three-level enhancement for if the defendant was a manager or supervisor in the criminal activity. *See* U.S. Sentencing Guidelines Manual § 3B1.1(b), cmt. n.4 (2000). As the presentence report makes clear (without contradiction by Petitioner in this action), Petitioner had been Jose German Castillo's "right-hand man" in an organization involving more than 15 participants. Petitioner was responsible for obtaining flat bed trucks and arranging for the installation of secret compartments in those trucks; he also drove and followed several loads of marijuana being driven to Kansas City (PSR ¶ 43), and recruited at least one other participant. (PSR ¶¶ 33-34.) Thus, the three-level enhancement was correctly imposed. *See United States v. Sylvester*, 143 F.3d 923, 931 (5th Cir. 1998). Petitioner offers no facts or argument to undercut this conclusion – although he alleges his counsel's ineffectiveness, he gives this Court no reason to believe that it wrongly imposed the enhancement.

No ineffective assistance can result from counsel's failure to raise a meritless issue. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) (counsel is not deficient for, and prejudice does not issue from, the failure to make a legally meritless claim); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (same). In

this case, Petitioner can demonstrate neither deficient performance nor prejudice from counsel's failure to contest the role enhancement. This Court should deny relief.

### C. *Drug quantity.*

Petitioner finally argues that counsel was ineffective for failing to challenge the quantity of marijuana for which he was held accountable. He states that this amount, 2021.24 kilograms, was "of drug [seizures] of other co-defendants as well as strictly testimonial hearsay as evidence for the quantity." (Pet. 5.)

Petitioner is entitled to no relief. Under the guidelines, Petitioner was to be held accountable for "all reasonably foreseeable acts and omissions undertaken by others in furtherance of the jointly undertaken criminal activity." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2000). Petitioner, who pleaded guilty to conspiracy, was rightly held responsible for the marijuana possessed by his co-conspirators. Moreover, this Court was entitled to consider hearsay evidence in determining the drug quantity. *United States v. Ramirez*, 271 F.3d 611, 612-13 (5th Cir. 2001). Petitioner does not suggest that the hearsay evidence was in any way unreliable, and indeed the factual statements in the presentence report (including the drug quantity totals) are concrete and specific. This Court should conclude that there was no error in the drug quantity calculation, nor in the means by which it was determined; therefore, counsel was not ineffective for failing to challenge it.

## CONCLUSION

This Court should deny Petitioner's motion for relief under 28 U.S.C. § 2255.[8]

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Assistant United States Attorney

By: *[signature]*
MITCHEL NEUROCK
Assistant United States Attorney
1100 Matamoros Street, Suite 200
P.O. Box 1179
Laredo, Texas 78042-1179
(956) 723-6523
(956) 726-2266 (fax)

---

[8] The United States believes that, because the existing record demonstrates that Petitioner is entitled to no relief, no evidentiary hearing is necessary. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (where the court finds the record "clearly adequate to dispose fairly of the allegations, the court need inquire no further").

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Answer to Section 2255 Motion, Motion to Expand Record, Motion for Summary Judgment, and Brief was served via certified U.S. Mail on June 23, 2004 upon Petitioner and counsel at the following addresses:

Arturo Luna
Reg. No. 98074-079
FCI Big Spring
1900 Simler Avenue
Big Spring, Texas 79720

Javier Villarreal, Esq.
765 E. 7th Street
Brownsville, Texas 78520

_____
MITCHEL NEUROCK
Assistant United States Attorney

# APPENDIX A

United States Court of Appeals
Fifth Circuit
**F I L E D**
**December 12, 2002**
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-40894
Conference Calendar

---

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee,

versus

ARTURO LUNA, also known as Art Luna,

                        Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-496-3

---

December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Arturo Luna appeals his conviction following a guilty plea for conspiracy to possess more than 100 kilograms of marijuana with intent to distribute. 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Luna argues that his retained trial counsel rendered ineffective assistance in purportedly failing to review the presentence report (PSR) with him and in failing to file objections to the PSR, despite having obtained an extension of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 01-40894
-2-

time in which to file objections. He contends that counsel should have objected to the three-level increase in his base offense level for his aggravating role in the offense. See U.S.S.G. § 3B1.1(b). This court declines to review a claim of ineffective assistance of counsel on direct appeal where, as here, the record is not sufficiently developed to allow the court to evaluate fairly the merits of the claim. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). The judgment of the district court is AFFIRMED.

# APPENDIX B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Respondent, § | |
| § | |
| v. § | Misc. No. B-04-008 |
| § | Crim. No. B-00-496-3 |
| § | |
| ARTURO LUNA, § | |
| Petitioner. § | |

**DECLARATION OF DONALD S. DAVIDSON**

1. My name is Donald S. Davidson. I am over the age of 18 years and am competent to make this declaration. I am an attorney in private practice in Tyler, Texas. I have been practicing law for over twenty years. I have substantial experience in the practice of criminal law, and I focus my practice on criminal cases.

2. I was hired to represent Arturo Luna in his federal drug prosecution in Brownsville. He had been charged with a number of offenses, including conspiracy to possess marijuana with intent to distribute, aiding and abetting the possession of marijuana with intent to distribute, and conspiracy to commit money laundering.

3. Mr. Luna decided to plead guilty. After his plea, the probation officer prepared a presentence report. I met with Mr. Luna before sentencing, and we went over the presentence report together. He identified nothing in the presentence report

that was inaccurate. Although he did not like the sentence he was facing, he could not identify anything wrong in the report.

4. I, too, found nothing incorrect in the presentence report. The offense level and enhancement appeared, from my thorough review of the evidence, to be correct. I saw no issue that merited an objection to the presentence report.

5. I declare under penalty of perjury (28 U.S.C. § 1746) that the foregoing is true and correct.

_____
DONALD S. DAVIDSON

June 16, 2004
Date