United States District Court
Southern District of Texas
FILED
JUL 2 7 2004
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
<u>BROWNSVILLE DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | CRIMINAL NO. B-00-496-3<br>MISC. NO. B-04-008 |
| ARTURO LUNA | | |

## <u>MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY</u>

COMES NOW the Defendant, ARTURO LUNA, and files this his Motion for Leave of Court to Conduct Discovery, and would show unto this Honorable Court the following:

### I.

### <u>BACKGROUND SUMMARY</u>

On March 18, 2004, Petitioner filed the instant action under 28 U.S.C. § 2255, for ineffective assistance of counsel. On or about June 23, 2004, the United States of America by and through the United States Attorney filed their Answer to Section 2255 Motion, Motion to Expand Record, Motion for Summary Judgment, and Brief.

### II.

### <u>REQUEST FOR LEAVE TO CONDUCT DISCOVERY</u>

In the instant case, the Defendant has not yet been afforded the opportunity to conduct discovery. It would be improper for the court to render a decision on the Government's Motion for Summary Judgment without first affording the Defendant this opportunity. Defendant requests leave of court to serve deposition by written questions

upon Attorney Donald S. Davidson[1] to determine whether, in fact, Mr. Arturo Luna has a claim under 28 U.S.C. § 2255 for ineffective assistance of counsel.

## III.

## CONCLUSION

Defendant prays this Honorable Court grant this his Motion for Leave of Court to Conduct Discovery, so that Defendant can have a fair judgment. The granting of this motion is not sought for delay, but so that the ends of justice may be served.

Respectfully Submitted,

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**
765 East 7th Street, Suite A
Brownsville, Texas 78520-5907
(956) 550-0888
(956) 550-0877 Facsimile

By: _____
JAVIER VILLARREAL
State Bar No. 24028097
Fed. Bar No. 30384

*Attorney for Defendant*
**ARTURO LUNA**

---

[1] Attached is the proposed Notice of Intention to Take Deposition by Written Questions to Attorney Donald S. Davidson.

## CERTIFICATE OF CONFERENCE

I, the undersigned Attorney of Record for Defendant, hereby certify that I have consulted with the Assistant United States Attorney, Mitchel Neurock, regarding the filing of this Motion and he is Opposed to the granting of same.

_____
Javier Villarreal

## CERTIFICATE OF SERVICE

I, the undersigned Attorney of Record for Defendant, hereby certify that on the 26th day of July, 2004, a true and correct copy of the foregoing Motion has been forwarded via hand delivery to the Assistant United States Attorney, Mitchel Neurock, 1100 Matamoros Street, Suite 200, Laredo, Texas 78042-1179.

_____
Javier Villarreal

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**BROWNSVILLE DIVISION**

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. B-00-496-3 |
| | § | MISC. NO. B-04-008 |
| ARTURO LUNA | § | |

### ORDER

ON THIS the _____ day of _____, 2004, came on to be considered Defendant's Motion for Leave to File of Court to Conduct Discovery, and said Motion is hereby:

_____   GRANTED.

_____   DENIED, to which ruling the Defendant has timely noted and thereby preserved his exception thereto.

SO ORDERED.DONE at Brownsville, Texas, this the _____ day of _____, 2004.

_____
United States District Judge

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

vs.

ARTURO LUNA

SUBPOENA IN A CIVIL CASE

CASE NUMBER: B-04-008

TO: Donald S. Davidson
P.O. Box 1105
Tyler, TX 75710 (903) 526-7688

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

☐ in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian: P.O. Box 1105 Tyler, TX 75710 | Instanter |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
The entire file, including attorney notes, billing, etc., regarding the case of B-00-496-3

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian: P.O. Box 1105 Tyler, TX 75710 | Instanter |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Petitioner |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Javier Villarreal
Law Office of Javier Villarreal
765 E. 7th St., Ste. A, Brownsville, TX 78520 (956) 550-0888

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Order No. 01-15240-001

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel the production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clauses (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CIVIL ACTION NO. B-04-008 |
| ARTURO LUNA | : |

NOTICE OF INTENTION
TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Respondent by and through their attorney(s) of record: Mitchel Neurock
To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of:

**Donald S. Davidson (Any & All Records)**
P.O. Box 1105 Tyler, TX 75710

before a Notary Public for   The MCS Group, Inc. (210) 344-2518  Fax (210) 344-1480
7800 IH 10 West, Suite 230, San Antonio, TX 78230

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**Complete file of USA vs. Arturo Luna, B-00-496-3**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

Javier Villarreal
Law Office of Javier Villarreal
765 E. 7th St., Ste. A
Brownsville, TX 78520
(956) 550-0888  Fax (956) 550-0877
Attorney for Petitioner
SBA # 24028097

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: July 16, 2004                                   by_____

Order No. 01-15240-001

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CIVIL ACTION NO. B-04-008 |
| ARTURO LUNA | : |

## DIRECT QUESTIONS TO BE PROPOUNDED TO DONALD S. DAVIDSON

Records Pertaining To: Complete file of USA vs. Arturo Luna, B-00-496-3

Type of Records: The entire file, including attorney notes, billing, etc., regarding the case of B-00-496-3

1. Please state your full name, address and occupation.

    Answer: _____

2. Did you receive a subpoena to produce records pertaining to the above-named individual and/or companies?

    Answer: _____

3. Are you able to identify these records as the originals or true and correct copies of the originals?

    Answer: _____

4. Were these records made and kept in the regular course of your business?

    Answer: _____

5. In the regular course of your business, did the person who signed or otherwise prepared these records either have personal knowledge of the entries on these records or obtain the information to make such records from sources who have such personal knowledge?

    Answer: _____

6. Are these records under your care, supervision, direction, custody or control?

    Answer: _____

7. Are these records made at a time closely related to or simultaneous with the occurrence recorded on these records?

    Answer: _____

8. Were these records kept as described in the previous questions?

    Answer: _____

Order No. «OrderNo»-«PartNo»

9. Please gather all such records together and deliver same to the officer taking your deposition for inspection and photocopying. Have you done as requested? If not, why not?

    Answer: _____

10. Do you understand that the subpoena you have received requires you to release any and all records pertaining to Complete file of USA. vs. Arturo Luna, B-00-496-3 including notes from other facilities? If you have not done so, either do so now or explain why you are withholding such records.

    Answer: _____

11. During your legal representation of Mr. Arturo Luna, did you, at any time, communicate with Mr. Luna in Spanish?

    Answer: _____

12. Are you proficient in the Spanish language and can you read and write in Spanish?

    Answer: _____

13. If you are not proficient in the Spanish language, please explain your level of understanding of the Spanish language from 1 to 10; 10 being the highest level of proficiency and 1 being the lowest.

    Answer: _____

14. How many times did you meet in person with Mr. Arturo Luna during your legal representation?

    Answer: _____

15. Please state the date, time and place of your physical meetings with Mr. Luna with specificity so that it can be verified. Please distinguish between physical meetings; in-court and out-of-court.

    Answer: _____

16. Please identify and explain in brief summary the contents of each conversation with Mr. Luna while in is physical presence and the approximate length of time of each conversation.

    Answer: _____

17. How many times did you converse with Mr. Luna over the telephone about his case? Please include the approximate dates, times and brief summary of each telephone conversations.

    Answer: _____

18. How much time did you spend on Mr. Arturo Luna's case?

    Answer: _____

19. How much did you charge Mr. Arturo Luna?

    Answer: _____

20. Please identify the general content of Mr. Arturo Luna's file, including but not limited to the following; the Indictment; PSI Report; Plea Bargain Agreement(s); Government Reports; Photographs; Statements; Attorney Notes; Government Motions; Defendant Motions; Co-Defendant Motions; Orders; Docket Control Sheet(s); Report and Recommendation(s); any and All Evidence including, Exculpatory Evidence; and any other document in the file.

Order No. «OrderNo»-«PartNo»

Answer: _____

21. Please identify the approximate date each one of the documents outlined in the above-question was incorporated into the file and the approximate date that information was communicated to Mr. Arturo Luna.

    Answer: _____

22. In your opinion, was the United States Assistant Attorney assigned to Mr. Luna's case forthcoming with the evidence?

    Answer: _____

23. Where any motions, complaints or objections made to the Court regarding the Government's failure to produce any and all documents that would be used at trial, including a witness list?

    Answer: _____

24. Do you think Mr. Luna could have been acquitted of any of the charges brought against him at trial? Please explain in detail.

    Answer: _____

25. Did Mr. Luna at any time resist the idea of entering a guilty plea?

    Answer: _____

26. On what day did Mr. Luna decide he wanted to enter a guilty plea?

    Answer: _____

27. Are you certified as a criminal defense attorney?

    Answer: _____

28. Please explain how many criminal cases you have tried to verdict. Please distinguish between state cases and federal cases.

    Answer: _____

29. Would you have had to charge Mr. Luna more money if he had decided to take the case trial? If the answer is yes;
    (a) how much more would you have charged him; and
    (b) do you know if Mr. Luna could afford the extra charge?

    Answer: _____

30. Where you inclined to take the case to trial? Please explain.

    Answer: _____

31. Who decided it would be best for Mr. Arturo Luna to enter a guilty plea?

    Answer: _____

Order No. «OrderNo»-«PartNo»

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

Order No. «OrderNo»-«PartNo»