United States District Court
Southern District of Texas
FILED

JUL 2 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Respondent, | § § § | |
| v. | § § § | Misc. No. B-04-008<br>Crim. No. B-00-496-3 |
| ARTURO LUNA,<br>　　　　Petitioner. | § § § | |

## GOVERNMENT'S ANSWER TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

The United States of America ("United States"), by and through the United States Attorney for the Southern District of Texas, hereby files this answer to the motion filed by Arturo Luna ("Petitioner") for leave of court to conduct discovery. In this action under 28 U.S.C. § 2255, discovery is unnecessary, and indeed Petitioner has failed to show good cause for granting leave of court to conduct discovery. This Court should therefore deny Petitioner's motion.

Petitioner filed this section 2255 action on March 18, 2004. The Government responded on June 23, 2004, moving for summary judgment. Petitioner responded on July 19, 2004. On July 27, 2004, Petitioner filed the instant motion, stating that he "has not yet been afforded the opportunity to conduct discovery." (Motion at 1.)[1] Petitioner states that he seeks leave of this Court to conduct discovery "to determine whether, in fact, Mr. Arturo Luna has a claim under 28 U.S.C. § 2255 for ineffective assistance of counsel." *Id.* at 2.

---

[1] In this response, "Motion" refers to Petitioner's instant motion.

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that discovery is only permitted in section 2255 actions upon leave of court. Leave of court is to be granted in the court's discretion, but good cause must be shown. *Id.* A party seeking to conduct discovery must attach to his request a statement of interrogatories or requests for admissions he wishes to propound, and a list of any documents sought to be produced. Rule 6(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

In this case, Petitioner has failed to demonstrate good cause for granting leave to conduct discovery. Petitioner claims he needs discovery "to determine whether, in fact, [he] has a claim ... for ineffective assistance of counsel." (Motion at 2.) But Rule 6 does not permit "fishing expeditions" to aid a party in ferreting out unspecified new issues. *See West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) (citing *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)). Rather, discovery under Rule 6 is a focused inquiry, granted for good cause only, to permit needed development of existing claims.

In this case, Petitioner has already raised his claims, and those claims are quite straightforward. The only issues are:

(1) whether trial defense counsel failed to review the presentence report with Petitioner;

(2) whether trial defense counsel was ineffective for failing to challenge the aggravating role adjustment; and

(3) whether trial defense counsel was ineffective for failing to challenge the drug quantity attributed to Petitioner.

All the information necessary to the resolution of this case is contained in the court's record (including the transcripts and presentence report), as well as trial defense counsel's declaration and information known to Petitioner himself. Resort to matters not already in the record is unnecessary to the disposition of this case.

The discovery proposed by Petitioner is nothing more than a forbidden fishing expedition. It seeks to probe trial defense counsel's views on matters wholly unrelated to this action, such as whether Petitioner might have had a defense to the charges, on what day Petitioner decided to plead guilty, how much counsel charged Petitioner for representation, and so on. Petitioner makes no claim or showing that trial defense counsel is likely to provide any information favorable to Petitioner. *Cf. United States v. Rosales*, No. 3:97-CR-0208-G(02), 2001 U.S. Dist. LEXIS 22667 at *17 (N.D. Tex. Dec. 20, 2001) (Appendix) (rejecting motion for discovery under Rule 6). This is the very essence of a fishing expedition – Petitioner seeks to launch an open-ended inquiry against trial defense counsel in the hopes that some useful tidbit might conceivably emerge. This is anything but "good cause."

For the resolution of the issues presented in this action, discovery is not needed, and Petitioner has made no showing of good cause. This Court should deny Petitioner's motion.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Assistant United States Attorney

By: _____
MITCHEL NEUROCK
Assistant United States Attorney
1100 Matamoros Street, Suite 200
P.O. Box 1179
Laredo, Texas 78042-1179
(956) 723-6523
(956) 726-2266 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Answer to Petitioner's Motion for Leave to Conduct Discovery was served via facsimile on July 28, 2004 upon counsel for Petitioner at the following address:

Javier Villarreal, Esq.
765 E. 7th Street
Brownsville, Texas 78520
Fax number: (956) 550-0877

                                            _____
                                            MITCHEL NEUROCK
                                            Assistant United States Attorney

# APPENDIX

UNITED STATES OF AMERICA, Respondent/Plaintiff, vs. JOSE ARMANDO ROSALES, ID # 30801-077, Movant/Defendant.
No. 3:97-CR-0208-G (02), No. 3:00-CV-2396-G

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

2001 U.S. Dist. LEXIS 22667

December 20, 2001, Filed

SUBSEQUENT HISTORY: Adopted, motion denied, motion dismissed, *United States v. Armando Rosales*, 2002 U.S. Dist. LEXIS 1655 (N.D. Tex. Feb. 1, 2002)

DISPOSITION: [*1] Magistrate recommends that this movant's Motion to Vacate, Set Aside, or Correct Sentence be DENIED. Motions for default, evidentiary hearing, discovery, and appointment of counsel filed by Defendant DENIED.

CASE SUMMARY:

PROCEDURAL POSTURE: Movant criminal defendant brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.S. § 2255. Defendant also filed motions for default, an evidentiary hearing, discovery, and appointment of counsel.

OVERVIEW: Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. Defendant then unsuccessfully tried to withdraw his plea. The court sentenced him to 365 months imprisonment to be followed by 5 years supervised release. Defendant's direct appeal was dismissed. Defendant filed a motion under 28 U.S.C.S. § 2255 and asserted three grounds for relief. First, he claimed he received ineffective assistance or denial of counsel at a hearing to withdraw his guilty plea due to his attorney's conflict of interest. Next, he asserted two claims based in part on Apprendi. The court found that defendant failed to show that he was prejudiced by any advice, acts, or omissions of counsel during the plea process. He had not shown that he would have pled not guilty and insisted on going to trial in the absence of errors by counsel. The court did not sentence defendant above the statutory maximum, so Apprendi was not implicated. There was no good cause for the requested discovery. An evidentiary hearing was unnecessary. In view of the denials of discovery and evidentiary hearing, there was no need for appointment of counsel.

OUTCOME: The court recommended that the movant's motion to vacate, set aside, or correct sentence be denied. The court further recommended that the movant's motions for default, evidentiary hearing, discovery, and appointment of counsel be denied.

LexisNexis(R) Headnotes

COUNSEL: JOSE ARMANDO ROSALES, defendant (97-CR-208-2), Pro se, Oakdale, La USA.

U. S. Attorneys: St Clair Theodore, Attorney at Law, US Attorney's Office, Department of Justice, Dallas, TX USA.

JUDGES: William F. Sanderson, Jr., UNITED STATES MAGISTRATE JUDGE.

OPINIONBY: Sanderson, Jr.

OPINION: FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge, as evidenced by his signature hereto, are as follows:

FINDINGS AND CONCLUSIONS

I. Background

Nature of the Case: This is a Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to the provisions of 28 U.S.C. § 2255.

[*2] Parties: Movant, Jose Armando Rosales (Rosales), is a federal prisoner currently incarcerated in the Federal

Correctional Institute in Oakdale, Louisiana. Respondent is the United States of America (the government).

Procedural History: On June 4, 1998, Rosales pled guilty to conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. He thereafter unsuccessfully tried to withdraw his plea. The Court sentenced him to 365 months imprisonment to be followed by five years supervised release. The Fifth Circuit Court of Appeals dismissed his direct appeal. On October 25, 2000, he filed a motion under 28 U.S.C. § 2255. On December 15, 2000, he filed an amended motion. On September 12, 2001, the government filed a response. Rosales thereafter filed a motion for default. n1

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 Pursuant to *Fed. R. Civ. P. 55*, movant seeks "an Order of Default against the United States Attorney for failing to comply with Rule 5 of the Rules of § 2255 procedures." He contends that the United States Attorney did not serve him with a copy of the response to the motion to vacate. He further contends that he sought an extension of time to reply to that response, notwithstanding the failure to serve. He wants the Court to "dismiss the Government's opposition or grant the previously filed extension of time and instruct the U.S. Attorney to comply with the Court's Order dated July 12, 2001."

The Court denies the motion for default. It has already granted movant his requested extension of time to file a reply by October 26, 2001. (See Order dated Oct. 11, 2001.) The Certificate of Service attached to the government's response to the motion to vacate indicates that the United States Attorney, furthermore, served a copy of the response to movant on September 12, 2001. To the extent *Fed. R. Civ. P. 55* is applicable to proceedings under *28 U.S.C. § 2255*, moreover, it provides no basis for the relief sought by movant. Rule 55 permits the Court to enter default or default judgment against a party in some instances. Movant seeks neither default nor default judgment against the United States. Rather, he seeks relief against the United States Attorney. To the extent, the motion can be construed as seeking default or default judgment against the United States, furthermore, it fails, because movant has not "established a claim or right to relief by evidence satisfactory to the court." See *Fed. R. Civ. P. 55(e)* (addressing default judgment against the United States).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - -

[*3]

Substantive Issues: Movant asserts three grounds for relief. First, he claims he received ineffective assistance or denial of counsel at a hearing to withdraw his guilty plea due to his attorney's conflict of interest. Next, he asserts two claims based in part on *Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)*. Specifically, he claims he was denied due process because all facts necessary to increase his statutory maximum sentence were not proven beyond a reasonable doubt and because the Court sentenced him without knowledge of the available range of sentencing.

II. Scope of Relief Available under § 2255

"Relief under *28 U.S.C. § 2255* is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996)* (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991)*[*4] (en banc) (quoting *United States v. Frady, 456 U.S. 152, 165, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982))*, cert. denied, *502 U.S. 1076, 112 S. Ct. 978, 117 L. Ed. 2d 141 (1992)*.

In addition, defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid, 937 F.2d at 232*. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." Id. The cause and prejudice test applies even to allegations of fundamental constitutional error. Id. The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, i.e. that he or she is actually innocent of the crime convicted. Id. A showing of ineffective assistance of counsel, furthermore, satisfies the cause and prejudice standard. See *United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000)*.

In this instance, Rosales has not shown that he is actually innocent of the crime convicted. Instead, he argues that he[*5] is "'actually innocent' of the sentence imposed." He also suggests that he may overcome the procedural bar under "the 'actual innocence exception.'"

He, nevertheless, provides nothing to support a finding that he is actually innocent of the crime convicted.

Rosales also attempts to show "cause" for not bringing Claim 1 on appeal. In addition, he relies on the fact that claims of ineffective assistance are not generally brought on direct appeal. As for Claims 2 and 3, he relies upon Apprendi for now bringing his claim. He asserts that he could not have brought these claims on direct appeal, because Apprendi had not yet been decided before his time for appeal expired.

The government asserts that Rosales waived his right to file the instant motion to vacate by pleading guilty. It further asserts that his reliance upon Apprendi is misplaced.

Rather than finding the instant claims waived, the Court deems it more appropriate and efficient to consider them on their merits. Rosales tried to withdraw his plea. His claim of ineffective assistance of counsel, furthermore, raises some question as to the validity of his plea. If the Court were to find the plea invalid, the waiver[*6] provision would be meaningless.

III. Ineffective Assistance of Counsel

Rosales claims he received ineffective assistance of counsel at the hearing on his motion to withdraw his plea. He claims that a conflict of interest of his attorney, David Almaraz (Almaraz), affected his attorney's performance and representation. Rosales contends that Almaraz divided his loyalty between his client and "his personal monetary concerns and professional reputation." Specifically, Rosales contends that Almaraz "had a duty of loyalty to his personal monetary concerns and professional reputation to avoid any claim of 'malpractice' or claim of 'ineffective assistance of counsel' being made against himself for counseling [movant] to plead guilty." Rosales argues that Almaraz "could not argue 'ineffective assistance of counsel' against himself to support the motion for withdrawal of the plea of guilty because, if successful, the claim could open himself to professional criticism and, potentially, a claim of 'malpractice.'"

Rosales contends that *Cuyler v. Sullivan*, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980) provides the applicable standard for evaluating his claim [*7]of ineffective assistance of counsel. Cuyler indeed provides the applicable standard, when a petitioner or movant shows an actual conflict that adversely affected his attorney's performance and thus denied petitioner his Sixth Amendment right to effective assistance of "conflict-free counsel." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000).

In this instance, however, Rosales has demonstrated no actual conflict. Conclusory and unsupported allegations are insufficient to invoke utilization of the Cuyler standard. No "actual conflict" exists, furthermore, unless "defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo*, 205 F.3d at 781. Under binding precedent of the Fifth Circuit Court of Appeals, the Cuyler standard applies only to claims of ineffective assistance of counsel resulting from conflicts of interest caused by multiple representation. See *Beets v. Collins*, 65 F.3d 1258, 1270-72 (5th Cir. 1995) (en banc), cert. denied, 517 U.S. 1157, 116 S. Ct. 1547, 134 L. Ed. 2d 650 (1996).[*8] The standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984) applies when a petitioner or movant alleges a conflict of interest due to an attorney's self-interest. See *Beets*, 65 F.3d at 1272. In this instance, Rosales merely alleges that his attorney had a conflict with his own self-interests. The Strickland standard thus applies.

To successfully state a claim of ineffective assistance of counsel under Strickland, one must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. 466 U.S. at 687. To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id. at 689*. Further, "the reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id. at 691*. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell[*9] below an objective standard of reasonableness." *Id. at 687-88*. The courts determine the reasonableness of representation on a case-by-case basis. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000).

To establish a claim of ineffective assistance of counsel, furthermore, movants must show they were prejudiced by the deficient assistance of counsel. *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. at 694*. The prejudice component of the Strickland test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362,

*393 n.17, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000)* (citations and internal quotation marks omitted). When a prisoner challenges a guilty plea based on ineffective assistance of [*10] counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart, 474 U.S. 52, 58, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985).* To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland, 466 U.S. at 695-96.*

A failure to establish either prong of the Strickland test requires a finding that counsel's performance was constitutionally effective. *466 U.S. at 696.* The Court may address the prongs in any order. *Smith v. Robbins, 528 U.S. 259, 286 n.14, 145 L. Ed. 2d 756, 120 S. Ct. 746 (2000).*

In this instance, Rosales claims he received ineffective assistance at a hearing to withdraw his guilty plea. He bases this claim entirely upon an alleged conflict of interest [*11] between his attorney's self-interest in his reputation and money and his representation of the movant. He contends that the self-interest prevented counsel from asserting that movant should be allowed to withdraw his plea due to ineffective assistance of counsel that had occurred earlier in the plea process. Rosales provides no support for finding such conflict. Nor does he identify how counsel was allegedly ineffective earlier in the plea process. Conclusory allegations are insufficient to obtain relief. *Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).* Mere conclusory allegations by movant provide no basis to find a deficiency of counsel. *West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996), cert. denied, 520 U.S. 1242, 117 S. Ct. 1847, 137 L. Ed. 2d 1050 (1997).* It is "clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.), cert. denied, 531 U.S. 849, 121 S. Ct. 122, 148 L. Ed. 2d 77 (2000).*

Rosales, furthermore, has failed to show prejudice. By relying upon [*12] Cuyler he proceeded as though prejudice would be presumed. As already discussed, however, Strickland, not Cuyler provides the applicable standard. Rosales must, therefore, "affirmatively prove prejudice." *See 466 U.S. at 693.* He has not carried that burden. He has provided nothing that shows he was prejudiced by any advice, acts, or omissions of counsel during the plea process. He has not shown that he would have pled not guilty and insisted on going to trial in the absence of errors by counsel.

With only conclusory allegations of deficiencies of counsel and no showing of prejudice, the claim of ineffective assistance of counsel fails.

## IV. Apprendi Claims

Rosales next claims he was denied due process in that all facts necessary to increase his statutory maximum sentence were not proven beyond a reasonable doubt and in that the Court sentenced him without knowledge of the available range of sentencing. He relies upon *Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)* for bringing these claims without raising them on direct appeal. He asserts that *Teague v. Lane, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989)* [*13] does not bar collateral review of the claims.

The government contends that Apprendi does not retroactively apply on collateral review. It asserts that Teague bars collateral review. It further asserts that, under the facts of this case, Apprendi is not implicated.

The Court agrees that Apprendi is not implicated under the facts of this case. It thus need not concern itself with Teague or the applicability of Apprendi on collateral review. n2

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

n2 The Court, nevertheless, notes that, although the Fifth Circuit Court of Appeals has not yet considered whether Teague bars Apprendi claims on collateral review, this District and others have so concluded. See, e.g., *United States v. McNairy, 2001 U.S. Dist. LEXIS 7709,* Nos. 3:99-CR-364-P, 3:01- *CV-0355-P, 2001 WL 649684,* at *3 (N.D. Tex. June 8, 2001) (citing cases holding that Teague bars collateral review of Apprendi claims); *United States v. Jones, 2001 U.S. Dist. LEXIS 6010,* Nos. 3-98-CR-0303-P, 3-01- *CV-0050-P, 2001 WL 493171,* at *2 (N.D. Tex. May 8, 2001) (same). The Fifth Circuit has, nevertheless, remanded a case "to the district court to reconsider its ruling denying . . . an amendment to his § 2255 motion based on futility in light of Apprendi." See *United States v. Clark, 260 F.3d 382, 382 (5th Cir. 2001).* Although Clark does not dictate any particular decision with respect to the retroactivity of Apprendi on collateral review, it does indicate that the Fifth Circuit has not yet decided the issue.

---------------- End Footnotes-------------
----

[*14]

In this case, movant pled guilty to Count 1 of the indictment against him. That count charged him with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of *21 U.S.C. §§ 841* and *846*. Movant also signed a factual resume that recites in pertinent part:

Beginning in or around January, 1994, the exact date being unknown, and continuing thereafter until at least June 28, 1997, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, JOSE ARMANDO ROSALES and various other persons listed in Count One of the Superseding indictment, knowingly, intentionally, and unlawfully, did combine, conspire, confederate and agree together, with each other, and with other persons to distribute and possess with intent to distribute at least 1000 kilograms of marijuana, a Schedule I controlled substance.

(Factual Resume, attached as Ex. D to Mot. Dismiss.)

The statutory maximum sentence for the charged offense is ten years to life. See *21 U.S.C. § 841(b)(1)(A)*; cf. *United States v. DeLeon, 247 F.3d 593, 597 (5th Cir. 2001)* (holding[*15] that "an indictment's allegation of a drug-quantity range, as opposed to a precise drug quantity, is sufficient to satisfy Apprendi and its progeny" and thus the statutory maximum sentence is determined based upon drug quantity alleged in the indictment). The Court sentenced movant to 365 months. That sentence does not exceed the statutory maximum of life imprisonment. Apprendi is simply "not implicated" in such circumstances. See *United States v. Wilson, 249 F.3d 366, 380 (5th Cir. 2001)*. "It is clear in this circuit that where an enhancement does not increase the defendant's sentence above the statutory maximum, there is no Apprendi violation." Id. "Factual determinations made by a district court, based on a preponderance of the evidence, . . . that simply dictate a sentence within the statutorily allowed range are not called into question by Apprendi." See *United States v. Miranda, 248 F.3d 434, 444 (5th Cir.), cert. denied, U.S. , 122 S. Ct. 410, 151 L. Ed. 2d 312 (2001)*.

The Court thus denies movant's claim that he was denied due process in that all facts necessary to increase[*16] his statutory maximum sentence were not proven beyond a reasonable doubt. The Court did not sentence movant above the statutory maximum. Apprendi is thus not implicated.

The Court also denies movant's claim that he was denied due process in that the Court sentenced him without knowledge of the available range of sentencing. Rosales bases the claim on *Hicks v. Oklahoma, 447 U.S. 343, 65 L. Ed. 2d 175, 100 S. Ct. 2227 (1980)* in conjunction with Apprendi. "A defendant claiming a due process violation under Hicks must establish: (1) the sentencing authority either (a) did not make the sentencing decision or (b) lacked knowledge of the available range of sentencing discretion under [applicable] law, and (2) a 'substantial possibility' of resulting prejudice to the defendant." *Narvaiz v. Johnson, 134 F.3d 688, 696-97 (5th Cir.), cert. denied, 524 U.S. 947, 118 S. Ct. 2364, 141 L. Ed. 2d 731 (1998)*. Rosales argues that there has been a Hicks violation because the sentencing court did not consider the implications of Apprendi as the Supreme Court had not yet decided that case. As Apprendi is not implicated under[*17] the facts of this case, there is no Hicks violation. This claim fails.

V. Requests for Discovery, Evidentiary Hearing, and Appointment of Counsel

Rosales asks the Court to order an evidentiary hearing. He further seeks an order directing that his former attorney, David Almaraz, "allow himself to be deposed." In addition, Rosales seeks appointment of counsel for the discovery and evidentiary hearing.

Under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has discretion to grant leave to invoke the processes of discovery, upon a showing of good cause. The Court finds no good cause for the requested discovery. Rosales provides nothing to indicate that Almaraz will provide testimony favorable to movant. Rosales provides nothing to indicate that the requested discovery will impact this case. Accordingly, the Court denies the request for discovery.

The Court likewise denies the request for evidentiary hearing. Upon review of the pleadings filed herein and the proceedings held in federal court as reflected in the court records, an evidentiary hearing appears unnecessary.

The Court also denies the request for appointment[*18] of counsel. Rule 8 of the Rules Governing Section 2255 Proceedings For the United States District Courts provides for appointment of counsel only when an evidentiary hearing is required or the interests of justice otherwise requires appointment. An evidentiary hearing is unnecessary on the pending motion under § 2255. The

2001 U.S. Dist. LEXIS 22667, *

interests of justice, furthermore, do not otherwise require appointment of counsel. In view of the denials of discovery and evidentiary hearing, there is no need for appointment of counsel in this case.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Court DENY movant's Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to *28 U.S.C. § 2255*. It is further recommended that the Court DENY the motions for default, evidentiary hearing, discovery, and appointment of counsel filed by Rosales.

William F. Sanderson, Jr.

UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to *28 U.S.C. § 636*[*19] (b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)* (en banc).

William F. Sanderson, Jr.

UNITED STATES MAGISTRATE JUDGE