United States District Court
Southern District of Texas
FILED

AUG 2 5 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | Misc. No. B-04-008 |
| VS. | § | Crim. No. B-00-496-3 |
| | § | |
| ARTURO LUNA, | § | |
| Petitioner. | § | |

### PETITIONER'S MOTION FOR ADDITIONAL TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Arturo Luna ("Petitioner"), and files this Petitioner's Motion for Additional Time to File Objections to Judge's Report and Recommendation and would respectfully show the following:

### PROCEDURAL BACKGROUND

Petitioner, Arturo Luna was indicted on a conspiracy drug charge on November 21, 2000 for more than 100 kilograms of marijuana. On April 18, 2001, the Petitioner entered a plea of guilty to Count 1 of the indictment (conspiracy to possess more than 100 kilograms of marijuana with intent to distribute). On July 18, 2001, Petitioner was sentenced to 121 months confinement, to be followed by a four-year period of supervised release.

Petitioner appealed his conviction to the United States Court of Appeals for the Fifth Circuit. In a *per curiam* decision, the Fifth Circuit declined to review the claim because the record was "not sufficiently developed to allow the court to evaluate fairly the merits of the claim." The judgement was therefore affirmed. United States v. Luna, No. 01-40894 (5th Cir. Dec. 12, 2002)(unpublished)(Appendix A).

On March 18, 2004, Petition filed the instant action under 28 U.S.C. § 2255, for ineffective assistance of counsel. His attorney of record was Donald S. Davidson.

On August 18, 2004, Magistrate Judge Recio issued a report and recommendation advising that the Petitioner's 28 U.S.C. § 2255 Motion be denied and that the Government's Motion for Summary Judgment be granted. In addition, Magistrate Judge Recio recommends that the Petitioner's Motion for Leave to Conduct Discovery to be denied as moot.

### ARGUMENT IN FAVOR OF GRANTING PETITIONER ADDITIONAL TIME TO OBJECT TO MAGISTRATE JUDGE'S RECOMMENDATION

The Petitioner has not yet been afforded the opportunity to conduct the discovery needed to properly respond to the magistrate judge's report and recommendation.

A district court must grant a evidentiary hearing on petitioner's 28 U.S.C. § 2255 Motion, unless the motion **and** the files **and** records of the case conclusively show that the prisoner is entitled to no relief. U.S. v. Fishel, 747 F.2d 271, 273 (5th Cir. 1984)(citing United States v. Guerra, 588 F.2d 519, 521 (5th Cir. 1979)(emphasis added). The motions, files and records **do not** conclusively show that the Petitioner is not entitled to relief. In his second point for ineffective assistance of counsel, the Petitioner asserts a constitutional violation of his sixth amendment right because his attorney failed to challenge the three-level increase for managerial conduct. The Government, in its Government's Answer to § 2255 Motion, Motion to Expand Record, Motion for Summary Judgment, and Brief, cites the PSR as its only source of reference in justifying the three-point increase. The Government's files have not yet been provided to the Petitioner for his review in this § 2255 petition; the Petitioner request for Leave of Court to Conduct Discovery has not yet been granted; and the Petitioner has yet to obtain a copy of his file from his previous attorney,

Donald Davidson.

In justifying the three-point enhancement, the Government relies heavily on the PSR and Attorney Donald Davidson's inaction. In raising a claim for ineffective assistance of counsel the Court needs to consider the entire file to determine whether there is a valid claim for ineffective assistance of counsel. See Id. The Petitioner, who is currently in prison, is unable to effectively counter the Government's motions without a copy and/or access to the both the Government's entire file and his own file, currently in Attorney Donald Davidson's possession.

## WHY DID ATTORNEY DONALD DAVIDSON FILE A MOTION FOR LEAVE TO FILE LATE OBJECTIONS AND THEN FAIL TO RAISE ANY OBJECTIONS?

The Petitioner has asserted all along that he did not play a managerial role in this drug conspiracy. Although the PSR states that he played a managerial role, the Petitioner asserts that these allegations are unsupported by the file, which is currently in the possession of the United States Attorney's Office. The Petitioner further asserts that the three-point enhancement allocated by the United States Probation Office was the basis for filing a Motion for Leave to File Late Objections. The motion was subsequently granted by the District Court Judge.

In order to determine if a criminal defendant has been denied effective assistance of counsel, the defendant must prove that: (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Attorney Donald Davidson's reason for missing the objections deadline was due to "an over load of cases." (See Attached Exhibits A & B). The fact that Attorney Donald Davidson filed for leave of court to file objections and then none were subsequently filed, supports the Petitioner's claim that his counsel's performance was

deficient and that it prejudiced his defense. The prejudice, specifically, was the three-level increase that was in dispute.

## CONCLUSION

For the reasons set forth below, the Petitioner prays that this Court will grant this, Petitioner's Motion for Additional Time to File Objections to Judge's Report and Recommendation so that all the files and records of this case can be reviewed before this Court renders its final decision.

Respectfully submitted,

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**
765 East Seventh Street, Ste A
Brownsville, Texas 78520-5907
(956) 550-0888 Telephone
(956) 550-0877 Facsimile

By: _____
JAVIER VILLARREAL
State Bar No. 24028097
Federal ID No. 30384

## CERTIFICATE OF SERVICE

I, Javier Villarreal, attorney for defendant, ARTURO LUNA, do hereby certify that a true and correct copy of the foregoing Petitioner's Motion for Additional Time to File Objections to Judge's Report and Recommendation was served via Certified Mail Return Receipt Requested on June 25, 2004 upon the following:

Mitchel Neurock
Assistant United States Attorney
1100 Matamoros Street, Suite 200
P.O. Box 1179
Laredo, Texas 78042-1179

_____
Javier Villarreal