UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br><br>VS.<br><br>ARTURO LUNA,<br>Petitioner/Appellant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Misc. No. B-04-008 ✓<br>Crim. No. B-00-496-3 |

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Arturo Luna, Petitioner herein, and files this Application for Certificate of Appealability and would respectfully show the following:

I.

### PROCEDURAL BACKGROUND

On or about March 18, 2004, Appellant made an Application under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence to this Court, alleging ineffective assistance of counsel (hereinafter "§2255 Motion"). On or about August 18, 2004, Magistrate Judge Recio issued a Report and Recommendation advising the District Court to deny the Petitioner's § 2255 Motion and grant the Government's Motion for Summary Judgment. (*See* attached Exhibits A & B). On or about August 30, 2004, Petitioner filed his Objections to Magistrate Judge's Report and Recommendation. (*See* attached Exhibit C).

On or about October 5, 2004, the Honorable Judge Hilda G. Tagle adopted Magistrate Recio's Report and Recommendation by dismissing Petitioner's § 2255 Motion and granting the Government's Motion for Summary Judgment. (*See* attached Exhibit D).

A Certificate of Appealability is required before the appeal may be heard and determined on its merits.

## II.

### Standard for Granting Certificate of Appealability

The standard for granting a Certificate of Appealability is "a substantial showing of the denial of a constitutional right. Title 28 U.S.C. § 2253(c)(2). The "substantial showing" requirement does not mean, however, the Petitioner must convince the court that he will prevail on appeal, but simply that the outcome is debatable among reasonable judges. Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). The Certificate must specify which issue or issues satisfy this requirement. Title 28 U.S.C. § 2253(c)(3).

A.　**Counsel's Failure to Object to the Three-Point Enhancement and Failure to Object to the Drug Quantity Constitutes Ineffective Assistance of Counsel**

The Magistrate Judge applies the Strickland Test in determining whether the Petitioner has a valid claim for ineffective assistance of counsel. The test provides that the defendant must prove: (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In addition, in evaluating counsel's performance under the Sixth Amendment, the Court applies the "reasonably effective assistance" standard. Id. The Court held that counsel's failure to object to the PSR was of no consequence to the defendant.

Petitioner's sentence was substantially increased as result of counsel's inaction. By failing to object to the PSR enhancements, counsel failed to uphold Petitioner's Sixth Amendment right to have a jury find the existence of the facts needed for the enhancements. See United States v. Booker, 2005 WL 50108 * 8 (2005). By failing to

raise any sort of objection, counsel for the Petitioner implicitly acquiesced to additional facts that the sentencing judge found by a mere preponderance of the evidence.

In countering the Petitioner's claim for ineffective assistance of counsel in this regard, the Magistrate Judge considers three items in the record: (1) the fact that counsel spoke at the sentencing and failed to object; (2) the fact that the Petitioner (personally) did not object at sentencing; and (3) counsel's self-serving declaration used to contradict Petitioner's allegations.

The fact that the Petitioner did not personally defend himself at the sentencing hearing should not be used against him. The Fifth Amendment does not allow negative inferences to be drawn from a defendants failure to speak at sentencing. *See* Mitchell v. United States, 526 U.S. 314, 329 (1999). In addition, the Petitioner is justified under the Sixth Amendment to rely on his attorney to present the proper arguments and to preserve the proper objections for appeal. *See* United States v. Wade, 388 U.S. 218, 226-227 (1967)(holding that presence of counsel operates to assured accused interests will be protected).

The fact that the Petitioner's attorney failed to object at the sentencing and subsequently provided a declaration justifying his actions, are items which relate directly to the Petitioner's Sixth Amendment right to a trial by jury as mentioned in Booker, 2005 WL 50108 * 8 and they should therefore be reviewed on appeal.

B. **Petitioner's Argument, that Counsel Failed to Review the PSR, warranted an Evidentiary Hearing**

The District Court adopted the Magistrates Judge's Report and Recommendation after a "*de novo* review of the entire file" and granted the

Government's Motion for Summary Judgment.

A motion for summary judgment may be granted in federal court only if there is no issue as to any material fact and the law favors the moving party; there is no discretion to award summary judgment if this standard is not met.  <u>Marcus v. St. Paul Fire and Marine Ins. Co.</u>, 651 F.2d 379, 382 (5th Cir. 1981).  Although a Court may dispose of the § 2255 Motion based on the files and records, the Court may not resolve critical factual questions against the Petitioner based of *ex-parte* government affidavits.  <u>Miller v. U.S.</u>, 546 F.2d 103, 105(1977)(citing <u>Machibroda v. United States</u>, 368 U.S. 487 (1962); <u>Allison v. Blackledge</u>, 431 U.S. 63, 80(1977)).  In addition, a summary judgment requires determining: (1) whether there are material fact issues, *but also*; (2) if there are none.  <u>Douglass v. United States Auto Ass'n</u>, 79 F.3d 1415 (1996)(emphasis added).

The allegations asserted by the Petitioner are factual in nature and cannot be disposed of by making a determination as a matter-of-law, based on the record and without an evidentiary hearing.  The relationship between the Petitioner and prior counsel, David S. Donaldson, has substantially changed since the day of sentencing.  The Petitioner relied wholly on counsel's advise during sentencing and it was not until after sentencing that Petitioner discovered counsel's ineffectiveness.  The record, therefore, is devoid of evidence needed to determine wether, in fact, counsel failed to review the PSR with the Petitioner.  The Magistrate Court, again, took into consideration David S. Donaldson's declaration in determining that the Petitioner's claim was without merit.  The Court did not offer the Petitioner an opportunity to explain the facts that support his claim for ineffective assistance of

counsel.

An evidentiary hearing should have been held to determine the truthfulness of Donald S. Davidson's testimony and the truthfulness of the Petitioner's claim in regards to this claim.

WHEREFORE, Appellant prays that a Certificate of Appealability be issued on the grounds that the Petitioner has demonstrated that the issues presented are debatable among reasonable judges as required in Miller-El, 537 U.S. at 337 (*supra*) and that said Certificate of Appealability be filed herein.

Respectfully submitted,

LAW OFFICES OF JAVIER VILLARREAL, PLLC
765 East Seventh Street, Ste A
Brownsville, Texas 78520-5907
(956) 550-0888 Telephone
(956) 550-0877 Facsimile

By: _____
JAVIER VILLARREAL
State Bar No. 24028097
Federal ID No. 30384

## CERTIFICATE OF SERVICE

I, Javier Villarreal, attorney for defendant, ARTURO LUNA, do hereby certify that a true and correct copy of the foregoing Petitioner's Application for Certificate of Appealability was served via Certified Mail Return Receipt Requested on January 28, 2005 upon the following:

Mitchel Neurock
Assistant United States Attorney
1100 Matamoros Street, Suite 200
P.O. Box 1179
Laredo, Texas 78042-1179

Javier Villarreal