UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| Respondent, | § | |
| | § | |
| v. | § | MISC. NO. B-04-008 |
| | § | (CRIMINAL NO. B-00-496-3) |
| Arturo Luna, | § | Javier Villarreal |
| Petitioner. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Arturo Luna ("Petitioner") has filed a timely 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1). In response, the Government filed an answer in conjunction with a Motion to Expand the Record, and a Motion for Summary Judgment (Docket No. 7). After reviewing the motion, along with the Government's answer, the Court recommends that the relief sought by the Petitioner be denied and that the Government's Motion for Summary Judgment be granted.

## BACKGROUND

On November 21, 2000, the Petitioner was indicted and charged with conspiring to knowingly and intelligently possess more than 100 kilograms of marijuana with intent to distribute (count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(A); he was also indicted and charged with aiding and abetting the knowing possession of approximately 163 kilograms of marijuana with intent to distribute (count 4), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; and with aiding and abetting the knowing possession of



EXHIBIT "A"

approximately 189 kilograms of marijuana with intent to distribute (count 7), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; and conspiring to commit money laundering (count 8), in violation of 18 U.S.C. §1956.

On April 18, 2001, Petitioner entered a plea of guilty to Count 1 of the indictment pursuant to a written plea agreement. The plea agreement was signed and an additional statement was attached, which stated that Petitioner had consulted with his counsel, understood his rights, and had voluntarily agreed to the plea and understood it. Additionally, the Petitioner retained the right to appeal allegations of ineffective assistance as part of the plea agreement. A pre-sentence report ("PSR") was completed on May 21, 2001, which recommended a three-level enhancement for Petitioner's role as a manager or supervisor with regard to the offense. Petitioner was required to file any objections to the report by June 14, 2001. Petitioner's counsel requested and received permission to file late objections. However, no objections were filed. At sentencing, the Court adopted the PSR's findings and sentenced Petitioner to 121 months of confinement and 4 years of supervised release; in addition, a $100 special assessment was imposed.

Petitioner appealed his conviction to the United States Court of Appeals for the Fifth Circuit, challenging the effectiveness of his counsel. Petitioner argued: (1) that his retained counsel failed to review the PSR with him; and (2) that his attorney failed to file objections to the PSR after having requested an extension to do so. *See United States v. Luna*, 54 Fed.Appx. 796, 2002 WL 31845427 (5th Cir. Dec. 12, 2002) (not designated for publication). The Fifth Circuit affirmed the judgment of the district court and determined that the record was insufficiently developed to allow for an evaluation of the claim on its merits.

Following the issuance of the Fifth Circuit's decision, Petitioner filed the Section 2255

2

motion herein being considered –which added an additional issue that was not included in his direct appeal to the Fifth Circuit. The Court ordered the United States to respond to Petitioner's motion, which they did. Accordingly, this Court is now prepared to address the issues raised in Luna's motion.

## ALLEGATIONS

In support of his motion to vacate, Petitioner argues that his retained counsel rendered ineffective assistance by: failing to review the PSR with Petitioner prior to sentencing; failing to file an objection to the three-level sentence enhancement Petitioner received for his role in the offense; and by failing to challenge the drug quantity that Petitioner was held accountable for in the PSR.

## STANDARD FOR INEFFECTIVE ASSISTANCE

In order to determine if a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, the defendant must prove that: (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

A counselor's representation of a criminal defendant must "fall below an objective standard of reasonableness" in order for his performance to be considered constitutionally deficient. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In demonstrating such a constitutional deficiency, a convicted defendant bears the burden of proof and must overcome a strong presumption that the conduct of his trial counsel

3

falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000).

Judicial scrutiny regarding counsel's performance is highly deferential and every effort is made to eliminate the distorting effects of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United States v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000). It is strongly presumed that "trial counsel rendered adequate assistance and that the challenged conduct was a product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993) (citing *Strickland*). An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable. *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* To establish that prejudice has been endured,

4

a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance deprived the defendant of a fair trial, therefore rendering the result unreliable or the proceeding fundamentally unfair. *Williams v. Taylor*, 529 U.S. at 393. If the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him, then no unreliability or unfairness has resulted. *Strickland v. Washington*, 466 U.S. at 687.

Since a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders the issue of prejudice moot. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). Likewise, where there is an insufficient showing of prejudice it is unnecessary to consider whether counsel's performance was deficient. *See Black v. Collins*, 962 F.2d 394, 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987). Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional

5

issue. *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991).

## ANALYSIS

Petitioner first claims that his counsel was ineffective in that he failed to review the PSR with him prior to sentencing. However, as the government points out and the record reflects, Petitioner's attorney was questioned while in Court, in the presence of the Petitioner, as to whether he had reviewed the PSR with Petitioner. When so questioned, Petitioner's attorney answered affirmatively. Furthermore, the record reflects that Petitioner was immediately given the opportunity to speak, yet did not contradict his attorney's statement. The record further reflects that Petitioner's attorney, Donald S. Davidson, has made an affidavit contradicting Petitioner's unsupported allegation that his attorney failed to review the PSR with him. Thus, Petitioner has failed to establish a meritorious claim that his counsel was deficient to the point of ineffective assistance under *Strickland*. *See Strickland*, 466 U.S. at 687.

Petitioner's second claim —that his counsel was ineffective for failing to object to the three level enhancement— is equally without merit. The Petitioner offers no rebuttal, or facts to the contrary, regarding his role in the conspiracy, but instead presents mere "conclusory allegations" in support of his claim of ineffective assistance. *See Kinnamon*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*. Petitioner also fails to establish prejudice by showing that, but for counsel's failure to object to the PSR, the outcome would have been different. Furthermore, Petitioner's attorney in a sworn statement states that the PSR was correct as to the three-level

6

enhancement, and as the government points out, failure to raise a legally meritless issue does not result in ineffective assistance. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) (counsel is not deficient for, and prejudice does not issue from, the failure to make a legally meritless claim). Thus, the Petitioner has failed to establish either the "deficient performance" or the "prejudice prong" of the *Strickland* test with regard to his second ineffective assistance claim.

Before this Court can address the merits of the Petitioner's third claim, it is necessary to first turn to the question of whether or not we may even properly consider this third issue because the claim was not raised on direct appeal. Although the "general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" the Supreme Court, in *Massaro*, "excepted ineffective-assistance-of-counsel claims from the general procedural default rule." *Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) (noting that a § 2255 motion is preferable to a direct appeal for deciding claims of ineffective assistance of counsel). Therefore, the Petitioner's third claim would not be barred from review in the motion herein being considered.

The Petitioner's third claim that his attorney failed to challenge the drug quantity for which Petitioner was held accountable also fails the *Strickland* test. Petitioner raises a legally meritless claim because, as the government points out, when Petitioner pled guilty to conspiracy it was within the authority of the Government, as outlined in the guidelines, to use the quantities of drugs possessed by his co-conspirators. U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B)(2000). Additionally, as the Government points out, the Court is entitled to consider hearsay evidence in calculating drug quantities. *United States v. Ramirez*, 271 F.3d 611, 612-13 (5th Cir. 2001). Again, the performance of Petitioner's counsel does not fall below a level

7

of reasonably effective assistance for failing to raise a legally meritless claim. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990). Therefore, the Petitioner has failed to establish the deficient performance or prejudice prong required under *Strickland*.

## RECOMMENDATION

After reviewing the answer that has been filed in this case and all other documents on file, this Court has determined that an evidentiary hearing is not required. *See* Rule 8(a), 28 foll. §2255. Accordingly, this Court may recommend such disposition of the Petitioner's motion as justice dictates. *See id.* For the reasons stated in the preceding portions of this Report and Recommendation, it is recommended that Petitioner's 28 U.S.C. § 2255 Motion be DENIED. It is further recommended that the Government's Motion for Summary Judgment be GRANTED. It is also recommended that any other pending motions, including Petitioner's Motion for Leave to Conduct Discovery (Docket Entry No. 9), be denied as MOOT.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 18th day of August, 2004.

*[signature]*

Felix Recio
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| Respondent, | § | |
| | § | |
| v. | § | MISC. NO. B-04-008 |
| | § | (CRIMINAL NO. B-00-496-3) |
| Arturo Luna, | § | |
| Petitioner. | § | |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of the Magistrate Judge in the above-referenced civil cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be ADOPTED.

It is therefore ORDERED, ADJUDGED, and DECREED that the Petitioner's request for a writ of habeas corpus should be, and is, hereby DENIED. Furthermore, the Government's Motion for Summary Judgment (Docket No. 7) is hereby GRANTED. Accordingly, Luna's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is hereby DISMISSED. Any other pending motions are hereby rendered MOOT.

DONE at Brownsville, Texas, this _____ day of _____, 2004.

_____
Hilda G. Tagle
United States District Judge