OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Respondent, § | | |
| § | | |
| v. § | MISC. NO. B-04-008 | |
| § | (CRIM. NO. B-00-496-3) | |
| ARTURO LUNA, § | | |
| Petitioner. § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is an "Application for Certificate of Appealability" filed by Arturo Luna (Docket No. 17). After due consideration of Mr. Luna's application the Court is of the opinion that his request should be DENIED.

## BACKGROUND

On August 18, 2004, this Court recommended that the district court deny habeas relief in the above-styled and numbered case (Docket Entry No. 11). On October 5, 2004, the district court adopted this Court's Report and Recommendation and entered an order denying habeas relief and dismissing the case (Docket Entry No. 16). Mr. Luna has since filed a request for a certificate of appealability ("COA") (Docket Entry No. 17).

## DISCUSSION

A COA may issue only if the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district court has rejected the constitutional claims on the
> merits, the showing required to satisfy § 2253(c) is straightforward:

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where ...the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

As the Supreme Court has noted, the COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039. In denying habeas relief, this Court found, on the merits, that trial counsel's performance was not constitutionally defective. Specifically addressed were Mr. Luna's contentions that his attorney did not review the pre-sentence report (PSR) with him prior to sentencing, that his attorney should have objected to the three-level sentence enhancement Mr. Luna received for his role in the offense, and that his attorney should have challenged the drug quantity Mr. Luna was held accountable for in the PSR. The Court was able to fairly dispose of Mr. Luna's allegations based on the record, thus an evidentiary hearing was unnecessary. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

After reviewing Mr. Luna's habeas claims –as well as this Court's rulings in regard to said claims– the Court is confident that no reasonable jurist would have any reason to find the Court's determinations to be debatable or wrong. Furthermore, the Court finds that Mr. Luna has failed to show that reasonable jurists would find this Court's assessment of the Petitioner's constitutional claims

debatable or wrong. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. Although Mr. Luna's petition raises important issues that are deserving of this Court's careful consideration, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Request for COA should be denied. *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

## RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that Mr. Luna's request for COA be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this 27th day of May 2005.

_____
Felix Recio
UNITED STATES MAGISTRATE JUDGE